MC–275

Name  **TODD D. PICKENS**

Address  **C.T.F. NORTH FACILITY**

**P.O. BOX 705  RA-322L**

**SOLEDAD, CALIF. 93960-0705**

CDC or ID Number  ___ **P-16993** ___

**FILED**

APR 2 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

## IN THE SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF MONTEREY
(Court)

**(EMERGENCY)**
PETITION FOR WRIT OF HABEAS CORPUS

**JF**

---

**TODD D. PICKENS**

Petitioner

vs.

**BEN CURRY, WARDEN**

Respondent

---

No. **CV 08 2192**

(To be supplied by the Clerk of the Court)

**(PR)**

### INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

---

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 8.380
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

MC–275

**This petition concerns:**

- [ ] A conviction
- [ ] A sentence
- [X] Jail or prison conditions
- [X] Other *(specify):* INADEQUATE MEDICAL CARE
- [ ] Parole
- [ ] Credits
- [ ] Prison discipline

1. Your name: TODD D. PICKENS

2. Where are you incarcerated? THE CORRECTIONAL TRAINING FACILITY, SOLEDAD, CALIF,

3. Why are you in custody?  [X] Criminal Conviction   [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      ROBBERY

   b. Penal or other code sections: 211

   c. Name and location of sentencing or committing court: ALAMEDA COUNTY SUPERIOR COURT

   d. Case number: U/A

   e. Date convicted or committed: U/A

   f. Date sentenced: U/A

   g. Length of sentence: 18 YEARS

   h. When do you expect to be released? N U/A

   i. Were you represented by counsel in the trial court?  [X] Yes.   [ ] No. If yes, state the attorney's name and address:
      U/A

4. What was the LAST plea you entered? *(check one)*

   [X] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

*PLEASE SEE ATTACHED PETITION*

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who did exactly what to violate your rights at what time (when) or place (where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

*PLEASE SEE ATTACHED PETITION*

b. Supporting cases, rules, or other authority (optional):

(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

*PLEASE SEE ATTACHED PETITION*

7. Ground 2 or Ground _____ *(if applicable)*:                                                    MC-275

*PLEASE SEE ATTACHED PETITION*

a. Supporting facts:        *PLEASE SEE ATTACHED PETITION*

b. Supporting cases, rules, or other authority:        *PLEASE SEE ATTACHED PETITION*

MC–275

8. Did you appeal from the conviction, sentence, or commitment? ☐ Yes. ☐ No. If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):   N/A

   b. Result    n/a      c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____n/a_____

   e. Issues raised: (1) _____

          (2) _____

          (3) _____

   f. Were you represented by counsel on appeal? ☐ Yes. ☐ No. If yes, state the attorney's name and address, if known:
          n/a

9. Did you seek review in the California Supreme Court? ☐ Yes ☐ No. If yes, give the following information:

   a. Result    n/a      b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____n/a_____

   d. Issues raised: (1) _____n/a_____

          (2) _____

          (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:
          n/a

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

           **\*PLEASE SEE ATTACHED PETITION\***

   b. Did you seek the highest level of administrative review available? X̶X̶X̶ Yes. ☐ No.
     *Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 2007]     **PETITION FOR WRIT OF HABEAS CORPUS**

MC–275

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?  ☐ Yes. If yes, continue with number 13.  ☐ No. If no, skip to number 15.

N / A

13. a.  (1) Name of court: _____

(2) Nature of proceeding (for example, "habeas corpus petition"): _____ n / a _____

(3) Issues raised: (a) _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____ n / a _____

(5) Date of decision: _____ n / a _____

b.  (1) Name of court: _____ n / a _____

(2) Nature of proceeding: _____ na _____

(3) Issues raised: (a) ____ n / a _____

(b) _____

(4) Result (Attach order or explain why unavailable): _____ n / a _____

(5) Date of decision: _____ n / a _____

c.  For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

n / a

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

n / a

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

n / a

17. Do you have any petition, appeal, or other matter pending in any court?  ☒ Yes.  ☐ No. If yes, explain:

FEDERAL HABEAS PETITION IN NORTHERN DISTRICT COURT
CIVIL COMPLAINT IN NORTHERN DISTRICT COURT

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

N / A

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 4/1/08                    ▶    Todd O. Ruckens
                                      (SIGNATURE OF PETITIONER)

TODD D. PICKENS
CDCR #P-16993  RA-322L
C.T.F. NORTH FACILITY
P.O. BOX 705
SOLEDAD, CALIF. 93960-0705

### IN THE SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF MONTEREY

| | | |
|---|---|---|
| TODD D. PICKENS, | ) | Habeas Corpus No._____ |
| | ) | |
| Petitioner, | ) | EMERGENCY PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| -vs- | ) | |
| | ) | |
| BEN CURRY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

COMES NOW, petitioner, **Todd D. Pickens**, pursuant to California (Cal.) Penal Code (P.C.) § 1473 (a); Cal. Rules of Court, Rule 4.551 et seq.; and Cal. Constitution, Article I-10, and hereby request respectfully for the above entitled court to grant petitioner a petition for writ of habeas corpus by issuing an immediate summary order, thereby directing the respondent and his subordinates to provide petitioner immediate and adequate medical care, as he is lawfully entitled to under both state and federal law, to which petitioner further states as follows:

### I. JURISDICTION

1. Pursuant to Cal. R. Ct., R. 4.552 (c), this court has pendent jurisdiction to hear and entertain this instant petition in that petitioner's current place of incarceration is located in the County of Monterey, California, thereby,

rendering this court the appropriate court of jurisdiction to hear and entertain this instant petition. Also see <u>Griggs-Superior Court</u>, (1976) 16 Cal.3d 341, 347.

2. Moreover, a habeas petition may be brought by a prisoner asking a Superior Court to declare and enforce those rights which he is entitled to even in confinement. See <u>In-re Harrell,</u> (1970) 2 Cal.3d 675, 682; <u>In re Davis,</u> (1979) 25 Cal.3d 384.

## II. <u>CUSTODY</u>

3. Petitioner is in the custody of the California Department of Corrections and Rehabilitation (CDCR), specifically in the immediate custody of Ben Curry, Warden at the Correctional Training Facility (CTF), located in the city of Soledad, California, in the County of Monterey, pursuant to a conviction(s)/sentence(s) of which he suffered in the Alameda County Superior Court.

## III. <u>STATEMENT OF THE CASE AND FACTS</u>

4. Per an institutional transfer therefrom Pelican Bay State Prison (PBSP), petitioner arrived at his current place of incarceration, to wit, CTF, in November, 2005.

5. Upon arriving at CTF, petitioner immediately informed custody and medical staff therein, of the various medical ailments of which he suffered from at that time, including, but not limited to, severe existing injury to his wrist, ankle, and neck, as well as testicular and abdominal pain.[1]

---

[1]. The bulk of petitioner's injuries are resultant of him having been victim to a violent unprovoked attack from a prison guard at PBSP, of which is the current subject of a civil suit.

6. Petitioner was assured by CTF medical staff that his medical needs would be adequately met. Despite the latter, however, and despite petitioner's repeated implorements and complaints--namely, of severe abdominal and testicular pain, he nonetheless experienced great difficulty in obtaining adequate medical care, and at many times, no medical care at all.

7. Petitioner wrote to a myriad of "sources" (see Exhibit ("Exh.") A attached hereto infra), including the medical receivership of California, in an effort to have CTF compelled to furnish him medical care in accordance with all applicable standards--all to no avail.

8. After finally receiving minimal medical attention, petitioner was diagnosed to have a high "RA and PSA" blood count, low white blood cells, and Rheumatoid Arthritis. Finally, in Mid-2007, petitioner was additionally diagnosed with prostrate cancer.

9. To date, petitioner has not received adequate medical care to tend to his debilitating cancer illness; he has been the subject of haphazardly scheduled medical appointments--all of which failed to amount to any efficacious action, and at times, due to lack of communication amongst staff, no medical treatment at all. See petitioner's verified declaration attached hereto infra as Exh. B.

10. This instant petition follows.

3

## IV. GROUNDS FOR RELIEF

11. Petitioner avers that respondent's duty to furnish him adequate medical treatment should be immediately enforced via habeas corpus for the following reasons/grounds:

    12-A. **THIS COURT SHOULD COMPEL RESPONDENT TO PROVIDE PETITIONER IMMEDIATE AND ADEQUATE MEDICAL CARE IN ACCORDANCE WITH PETITIONER'S STATUTORY AND CONSTITUTIONAL RIGHTS TO RECEIVE ADEQUATE AND EFFECTIVE MEDICAL CARE IN THAT A FAILURE TO DO SO WILL RESULT IN IRREPARABLE HARM.**

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Prisoners seeking to challenge the conditions of their confinement must exhaust administrative remedies before seeking judicial intervention. **In re Dexter**, (1979) 25 Cal.3d 921, 925. Failure to exhaust is a jurisidictional bar to judicial relief. **United States v. Superior Court**, (1941) 19 Cal.2d 194. Prisoners, [however], may be excused from this requirement in limited circumstances. See **In re Strick**, (1983) 148 Cal.App.3d 906, 911 [administrative appeal would have been futile.] Also see **In re Serna**, (1978) 76 Cal.App.3d 1019.

Here, petitioner's attempt to utilize the adminstrative (602) appeal's process has been futile. Petitioner's verified declaration at Exh. B hereto. Particularly, not only has petitioner submitted a plethora of written notices/inquiries and the like thereto the CTF medical staff in an effort to obtain adequate medical care--namely with regards to the aforesaid cancer ailment--but petitioner has likewise submitted at least two appeals to medical staff, only to never receive a response of any sort. Exh. C hereto.

4

Finally, but more notably, petitioner's ailments as a whole--namely, his cancer ailment, is of such grave magnitude wherewhich because so, his health has substantially declined and is rapidly declining at this time.  Accordingly, if petitioner were to continue to rely on the ineffectiveness of the appeal's process, the harm of which he will suffer will be irreparable.  Therefore, this instant petition should be immediately entertained on its merits without procedrual interference.

## VI. <u>NO OTHER REMEDY AT LAW</u>

16. Petitioner has performed all conditions precedent to the filing of this instant petition--within the ambit of his power--to no avail toward obtaining the sought for relief.  As such, petitioner has no other plain, speedy, and adequate remedy in the ordinary course of the law other than this instant petition in that the 602 process has proved inefficacious to have petitioner's instant complaint heard, and ultimately obtaining the sought for medical treatment. Being so, this instant petition should be fully entertained on its merits.

## VII. <u>PETITIONER REQUESTS IMMEDIATE SUMMARY ACTION ON THE MERITS OF THIS INSTANT HABEAS PETITION.</u>

17. Pursuant to Cal. R. Ct. 4.551 (h), petitioner requests that this court, based on the "good cause", as will be duly shown and explained infra, shorten the time for: (1) the issuance of an order to show cause; and (2) the time for which the respondent is required to submit an answer.

## VIII. PRAYER FOR RELIEF

WHEREFORE, petitioner prays for relief as follows:

1. For a writ of habeas corpus to issue immediately directing the Director of the CDCR and petitioner's immediate custodian, Ben Curry, to provide him immediate medical care, and/or in the alternative, direct the respondent to show cause as to why such action should not be afforded petitioner.

2. For any other relief of which this court deems proper and just to be granted just the same.

Executed on this _1_ day of _April_____, 2008.


Respectfully submitted,


By: _Todd D. Pickens_____
Todd D. Pickens
CDCR #P-16993  RA-322L
C.T.F. North Facility
P.O. Box 705
Soledad, Calif. 93960-0705

TODD D. PICKENS
CDCR #P-16993  RA-322L
C.T.F. NORTH FACILITY
P.O. BOX 705
SOLEDAD, CALIF. 93960-0705

### IN THE SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| TODD D. PICKENS, ) | Habeas Corpus No._____ |
| ) | |
| Petitioner, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| -vs- ) | PETITION FOR WRIT OF HABEAS |
| ) | CORPUS |
| BEN CURRY, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

### GROUND I-A.

THIS COURT SHOULD COMPEL RESPONDENT TO PROVIDE PETITIONER IMMEDIATE AND ADEQUATE MEDICAL CARE IN ACCORDANCE WITH PETITIONER'S STATUTORY AND CONSTITUTIONAL RIGHTS TO RECEIVE ADEQUATE AND EFFECTIVE MEDICAL CARE IN THAT A FAILURE TO DO SO WILL RESULT IN IRREPARABLE HARM.

Pursuant to P.C. § 673, and the relevant portion thereof, ["]It shall be unlawful.....in the reformatories, institutions, jails, state hospitals, or any other state, county, or city institution.....any lack of care whatsoever which would injure or impair the health of the prisoner, inmate, or person confined....." See P.C. § 673. Also see Cal. Code of Regulations, Title 15 § 3350 et seq.; In re Ferguson, (1961) 12 Cal. Rptr. 753 (prisoners remain under protection of law, entitled with right not to be treated unreasonably considering the circumstances.)

Moreover, the Eighth Amendment of the United States

Constitution, protects against [prison] conditions that pose
an unreasonable risk of future harm, as well as those that
are currently causing harm. See e.g., **Helling v. McKinney**,
**(1993) 509 U.S. 25, 31-32.**

In this case, incorporating the statement of the case
and facts supra, and petitioner's verified declaration infra,
by reference as if rewritten herein, petitioner was diagnosed,
among other things, with prostrate cancer. More specifically,
petitioner's diagnosed cancer had been, and is still to date,
causing him much pain and debilitation, substantial lapse of
energy, loss of appetite, lack of sleep, and significant
discomfort as a whole. Put more simply, because of the
grave magnitude of petitioner's cancer stage, its treatment
was/is currently, a serious medical need.

Factors that should guide the analysis of what defines
a serious medical need include, but are not limited to: (1)
whether a reasonable doctor or patient would receive the
medical need in question as important and worthy of comment
or treatment; (2) whether the medical condition significantly
affects daily activities; and (3) the existence of chronic
and substantial pain. See **Brock v. Wright**, 315 F.3d 158, 162
**(2d Cir. 2003)** (internal quotation marks omitted.) Also see
**Hill v. Dekalb Regional Youth Detention Center**, 40 F.3d 1176,
1187 (11th Cir. 1994) (internal quotation marks omitted)
(["]one that has been diagnosed by a physician as mandating
treatment or one that is so obvious that even a lay person
would easily recognize the necessity of a doctor's attention.")

2

Here, nominal effort is required to realize that a diagnosis of cancer is a serious medical need. With equal force, treatment of the latter is an obvious necessity. As such, given the fact that petitioner has been virtually neglected medically ongoingly since his Mid-2007 diagnosis of cancer, it is clear and apparent that any further neglect would quite likely result in irreparable harm, including petitioner's death. Because so, immediate medical care is warranted at this time.

I-B. **Petitioner Has Presented a Prima Facie Case For Relief**.

Incorporating Ground I-A supra and petitioner's verified declaration infra, by reference as if rewritten herein, petitioner has clearly presented a prima facie case herein enough so to warranted the sought for relief so formally prayed for supra. See **In re Visciotti**, (1996) 14 **Cal**.4th 325, 334.

## CONCLUSION

For all of the foregoing reasons stated herein, and those stated therein petitioner's verified declaration infra, the sought for relief formally prayed for herein should be granted at this time.

Respectfully submitted,

By: *Todd D. Pickens*
Todd D. Pickens
CDCR #P-16993  RA-322L
C.T.F. North Facility
P.O. Box 705
Soledad, Calif. 93960-0705

## VERIFICATION

I, **Todd D. Pickens**, hereby declare and affirm under penalty of perjury that all of the foregoing is true and correct and that I am a party to this instant action, to wit, the petitioner.

Executed on this _1_ day of ___April___, 2008.

By: *Todd D. Pickens*
Todd D. Pickens
CDCR #P-16993  RA-322L
C.T.F. North Facility
P.O. Box 705
Soledad, Calif. 93960-0705

4

**E X H I B I T    "A"**

August 8, 2007

Office of the Inspector General
P.O. Box 348780
Sacramento Calif. 95834

RE: Inadequate Medical Treatment

Dear Inspector General,

Enclosed, you shall find a copy of a letter and various documents attached therewith, addressed to and of which I mailed recently to the Medical Receiver(ship) of the CDCR (Mr. Robert Sillen) outlining a myriad of difficulties of which I have been experiencing regarding my attempts to obtain adequate medical treatment herein the CDCR.

While the enclosed letter is somewhat comprehensive in conveying my "problems", I nonetheless just recently experienced further grave "problems" here at my current place of incarceration, to wit, The Correctional Training Facility (CTF) located in the city of Soledad, California, in the county of Monterey.

Specifically, after finally being summoned to participate in my undergoing a colonoscopy recently (after having been scheduled for months), the procedure, taking place at an outside hospital, could not be performed in that the medical staff here at CTF ill-prepped me for the procedure. Because so, I have to be re-scheduled--of which I was informed could, again, be months before the procedure is performed--all of which is simply unacceptable. I say this so, because as outlined therein the enclosed letter, it is my contention that my health is in a grave state overall and any further neglect--as is currently the case--will quite likely result in extreme adverse results--possibly my death. Accordingly, I am now requesting from you to probe into the acts and omissions of which I have attributed to CTF as a whole at your most earliest convenience in that my situation so warrants such probe.

For the sake of brevity, I shall close and now thank you in advance for your time, attention, and consideration in this matter and confide that you will accommodate me as so requested herein.

Very sincere,

Todd D. Pickens, CDCR #P-16993
C.T.F. North Facility   RA-322L
P.O. Box 705
Soledad Calif. 93960-0705

TDP/cav

October 13, 2007

ACLU National Prison Project
915 15th St., N.W. 7th Floor
Washington, D.C., 20005

**RE: Medical Neglect In State Prison**

Dear ACLU,

My name is Todd D. Pickens, and I am currently in-
carcerated in a California state prison, in Soledad Cali-
fornia.

While it is my understanding that your organization
deals predominately with conditions of confinement that
affect a large number of prisoners, my personal crisis
involving medical neglect is of such an egregious magni-
tude that I felt it warranted to contact you in an effort
to have such neglect rectified.

For the sake of brevity, prior to April, 2003, my over-
all health was very well. However, following my ultimately
being the victim of an unprovoked assault perpetrated upon
me by a (now fired) correctional officer ("C/O") where as a
result thereof, I was compelled to seek medical treatment
for various injuries--I was ultimately administered a shot
of what was purported to be "cortisone" (for pain.)  The
abovesaid assault was committed in April, 2003, where then
the abovesaid shot was administered some time later (2004).

Following the assault as a whole, I have been having
enormous difficulties in obtaining adequate medical treat-
ment--and sometimes--treatment as a whole.  I have since
transferred therefrom the initial prison where which the
assault occurred, where here at my current place of incar-
ceration, the onslaught of ongoing medical neglect has
been continual.  Specifically, after having lodged endless
complaints of a myriad of pains and ailments--particularly
that involving testicular pain--I was finally examined
approximately a month ago and tentative informed that I
may have prostrate cancer.  Thereafter, just recently,
per the results of various blood tests etc., I have been
informed that I in fact, do have prostrate cancer.

I must reiterate with vehemence that prior to the
assault and most notably, prior to the shot of cortisone,
I suffered absolutely no ailments of any sort.  I have
since filed suit (pertaining to the assault) under 42 U.S.C.
§ 1983--currently pending therein the United States District
Court for the Northern District of California.  Point blank,
it is my understandable and plausible contention that the
cortisone is the direct and proximate origin of the cancer.
I say this because there were a myriad of other inmates whom
conveyed to me that they too were (near forced--as I was)

ACLU
Page Two
October 13, 2007

to take the alternative shot of cortisone pain medication
where as a result, they experienced identical symptoms as I
did--namely, testicular pain, joint pain and the like (where
now, I am forced to use a cain to walk, and have nearly no
mobility therein my right hand and right shoulder--all of
which was injured during the assault.

      I have enclosed for your brief perusal, a copy of a
letter of which I sent to an attorney here in California--
who to date, has not responded to my letter.  The enclosed
letter provides you with a synopsis of my actual "problem"
where which I am willing and ready to provide you with a
full "rundown" on the whole matter.

      Finally, as noted therein the enclosed letter, I have
been having extreme difficulties in being able to send out
legal mails to various parties--including the courts.   And
most notably despite my recent formaly cancer diagnosis, I
have still been neglected medically.  My implorement to you
now is to please look into this matter at your most earliest
convenience.  While it is much more to this matter, I shall
close now and thank you in advnace for your prompt attention
and consideration and likewise confide that you will respond
and accommodate me as so requested herein.


Thank you sincerely,

Todd D. Pickens
CDCR #P-16993  RA-322L
C.T.F. North Facility
P.O. Box 705
Soledad, Calif. 93960-0705

October 23, 2007

The Honorable Judge
Thelton Henderson

**RE: Prison Medical Neglect**

Dear Judge Henderson,

My name is Todd D. Pickens, and I am currently incarcerated in The Correctional Training Facility--CTF, in Soledad, California.

I am writing to you to inform you of the ongoing medical negect of which I have been experiencing here at CTF since my November, 2005 arrival here. I have written to you in the past concerning this issue where you ultimately forwarded my etter to the Prison Law Office (General Delivery) in San Quentin, California. However, since you forwarded my letter (last year in early 2006), my "problem(s)" have not been addressed despite the grave severity thereof. Accordingly, I felt it highly warranted to contact you again in that the crisis here has reached a parlous level.

Particularly, I have recently been formally diagnosed with postrate cancer of which I attribute to the abovesaid ongoing neglect, but, most notably, a shot of what was purported to be cortisone (for pain) which was administered to me (nearly against my will) while I was incarcerated at Pelican Bay State Prison--PBSP, just prior to my transferring from there to my current (CTF) place of incarceration. Enclosed, you shall find a comprehensive outline of the "root" of my medical problems and neglect--starting from PBSP to CTF--whereupon your perusal of the enclosed documents, you shall realize that my complaint(s) is/are substantial.

I am, accordingly, imploring upon you to exercise any discretion with the scope of your jurisdiction to have this matter looked into immediately--for every other route that I have taken--including my currently pending civil action pendin therein the Northern District Court--has proved inefficacious toward my obtaining adequate treatment--all of which it is my contention that the end result is my cancer prognosis.

I shall now thank you in advance for your immediate attention to this matter and confide that you will look into this matter as requested herein.

Very sincere,

Todd D. Pickens, CDCR #P-16993
C.T.F. North Facility  RA-322L
P.O. Box 705
Soledad, Calif. 93960-0705

October 24, 2007

The Honorable Judge
Jeremy Fogal

RE: Prison Medical Neglect

Dear Judge Fogal,

My name is Todd D. Pickens, and I am currently incarcerated
in The Correctional Training Facility, in the city of Soledad,
California, and have been so since November, 2005.

I currently have filed in this court, a civil action pursuant
to 42 U.S.C. § 1983 (case number  C 04-2621 JF (PR) concerning
various complaints including, but not limited to, medical ne-
glect at my previous place of incarceration, to wit, Pelican
Bay State Prison--PBSP.

Since my transfer from PBSP hereto CTF in November, 2005,
I have been as well experiencing medical neglect of a grave
magnitude.  Although CTF is not a named party (defendant) in
my civil complaint filed in this court, their acts/omissions
(duly outlined therein the enclosed documents herewith) are
egregious, arbitrary, and completely unacceptable.  In fact,
after my repeated complaints to CTF medical staff of having
severe testicular pain (for approximately two years straight)
and repeatedly being shunned and accused of "faking" my pains,
I was finally diagnosed with prostrate cancer that is in an
advanced stage--all of which was directly related to the
pain I was experiencing (testicular pain.)

Because the litigation process is so lengthy and non-
immediate toward obtaining prompt medical care, I have at-
tempted to have CTF provide me with adequate and prompt medi-
ca care by writing to a myriad of parties/organization--inclu-
ding Judge Shelton Henderson, and Robert Sillen--the Receiver-
ship.  Even since my cancer diagnosis, I have yet to receive
absolutely any treatment--largely attributed to lack of co-
mmunication amongst medical and custody staff, and neglect as
a whole.

My instant intent in writing you now is to provide you
with notice that I am being neglected medically--both through
inadvertence and purposely as well as to have you have this
matter looked into, and/or provide me with any information
or resources who/that can facilitate CTF being compelled to
provide me--and its inmate population as a whole adequate
medical care in that all other contacts have been nonavailing.

Judge Fogal, I understand that it may not be within the
scope of your immediate jurisdiction/power to compel/order CTF
to provide me with adequate medical care, however, as noted
above, any direction from you towards my obtaining the much

Judge Fogal
Page Two
October 24, 2007


needed (emergency) medical care would be greatly appreciated.

In closing, I shall now thank you in advance for your time, consideration, attention and understanding in this matter and confide just the same that you will accommodate me as so desired.

Sincerely I remain,

Todd D. Pickens
CDCR #P-16993   RA-322L
C.T.F. North Facility
P.O. Box 705
Soledad, Calif. 93960-0705

TDP/cav

October 19, 2007

Medical Board of California
1426 Howe Avenue, Suite #93
Sacramento, Calif. 95825
Attn: Consumer Analyst

RE: Requested Medical Records In Case of Todd Dwayne Pickens
    Control #1202006-173639 (Date(s) of Service: 2003-2004)

Dear Sir/Madam Consumer Analyst,

My name is Todd D. Pickens, and I am currently incarcerated
in the Correctional Training Facility—CTF ("Soledad State
Prison") located in the city of Soledad, California, and have
been so since November, 2005.

Last year, on March 22, 2006, for various reasons, then
Consumer Analyst—Yvonne Davis—requested from the CTF Custodian
of Medical Records, copies of my medical records/diagnostic
images (copy of Ms. Davis's letter enclosed herewith) wherewhich
she provided CTF with a deadline of April 11, 2006 to forward
such documents to her.

In not having received the requested records by the above-
said deadline Ms. Davis submitted another written request to
CTF (copy thereof enclosed herewith) indicating that she had
not received the requested records. Therein the latter said
letter by Ms. Davis, she further informed CTF that its "new"
deadline was June 12, 2006, and further indicated that if the
latter deadline is/(was) not met, administrative action would
be pursued against CTF.

Because to date I have not heard from Ms. Davis, or the
current Consumer Analyst (I have since learned that Ms. Davis
is no longer the Consumer Analyst) indicating that my records
were ever received by this office, I am now inquiring to you
as to whether or not my records were ever received in that my
concern thereof is heightened at this time. This is so because
I have been experiencing ongoing neglect here at CTF since the
duration of my instant stay when it comes to obtaining adequate
medical care. Inclusive of such neglect involves my being su-
spiciously informed that various pertinent portions of my me-
dical records have come up missing. Additionally, amid the
abovesaid ongoing neglect, after having been tentatively diag-
nosed with prostrate cancer approximately a month ago, I have
just recently been informed per various tests, that I in fact,
do have prostrate cancer.

While the latter issue of neglect is quite likely beyond
the scope of your jurisdiction to address, I am nonetheless
compelled to inform you—"for the record"—that it is a great
probability that my having prostrate cancer is directly and
proximately due to a shot I received (while incarcerated at

Consumer Analyst
Page Two
October 19, 2007

Pelican Bay State Prison--PBSP) that was purportedly cortisone
(for pain).  I say this because in April, 2003, I was victim of
a violent unprovoked assaut perpetrated upon me by a corrupt
(now fired) correctional officer--c/o, wherewhich as a result
of such assault, I suffered a myriad of serious injuries, in-
cuding, but not limited to, a severe neck and shoulder injury,
and a hand/wrist injury.

        Following such assault and injury, I immediately began
to experience medical neglect on a grand scale to the point
where, upon my filing suit against PBSP under 42 U.S.C. § 1983
(currently pending in court), retaliatory actions were ongoingly
taken against me.  Specifically, the much needed medication
for my pains (back then) was suspiciously halted by PBSP.  It
was at that juncture that medical staff there informed me that
it was either take the cortisone shot or get nothing for my
pains.  Initially, I refused the shot on several occasions,
but finally acquiesced because the pain had become unbearable.
Near immediately thereafter taking the shot, I began experien-
cing severe swelling and pain in my joints, e.g., ankles and
wrists) and major additional pain as a whole.  But most no-
taby, I began experiencing severe testicular pain and repeated-
ly shunned upon my complaining of such--all the way to the
present day prostrate cancer diagnosis.  Moreover, to spite
the above, I soon found out there were various other in-
mates at PBSP who were "bullied" into taking a cortisone shot
in lieu of their previously prescribed pain medications--all of
whom experienced near identical symptoms/side effects as I.

        Despite my bringing the abovesaid issue(s) to the attention
of medical staff there at PBSP, and most recently, here at CTF,
to date, I was rudely shunned every time.  My overall health has
diminished rapidly since 2003--where prior to all of the above,
I was in tip top shape health-wise, and now I walk with a cain,
have very limited movement in my shoulder, and experience a
myriad of other pains and ailments.  As I mentioned above,
various of my medical records have mysteriously come up missing,
my legal and even personal outgoing mails often go undelivered
to their intended destinations and/or came up missing.

        Again, I am well aware that the scope of your duty does
not encompass your addressing this issue(s), but I am now im-
ploring upon ;you to peruse my medical records--if you have
them--in a painstaking manner to see if there are any pertinent
"dots" to be connected to display a pattern in support of my
complaint(s) (my contention that the cortisone caused my cancer
directly or proximately.)

        With that said, I shall close and keep you encompassed in
my daily and nightly prayers as a whole.

Consumer Analyst
Page Three
October 19, 2007


    Meantime, I shall thank you in advance for your prompt
attention and consideration in this matter and confide that I
will hear from you soon and that you will accommodate me as so
requested herein.


Very sincere,

Todd D. Pickens
CDCR #P-16993  RA-322L
C.T.F. North Facility
P.O. Box 705
Soledad, Calif. 92960-0705

TDP/cav

August 27, 2007

Steven Fama
Attorney At Law
Prison Law Office
1 Main Street
San Quentin, Calif. 94646

RE: Inadequate Prison Medical Treatment

Dear Mr. Fama,

My name is Todd D. Pickens, and I am a 42 year old male
currently incarcerated in the California Department of Co-
rrections and Rehabilitation (CDCR), specifically therein The
Corectional Training Facility (CTF), in Soledad, California,
and have been so there (at CTF) since the latter part of 2005,
and have been incarcerated as a whole since 1999.

The purpose of this letter is to both, inform you of the
severe difficulties of which I have been experiencing most re-
cently here at CTF concerning my obtaining adequate medical
treatment for ailments  that are potentially life threatening
if left unchecked and untreated--as has been the case for the
bulk of my stay here at CTF--and likewise of my intention of
seeking your assistance (any of which you may provide) in ob-
taining the much needed medical attention of which I need ur-
gently, and finally, your assistance in effectuating an in-
depth investigation into the medical neglect of which I, as
well as other inmates, have been victim to here at CTF.  Be-
fore I proceed further however, I would like to briefly inform
you that I genuinely hope and pray that you and all of your
loved ones are doing well in health and in spirit amid the
daily (arduous) struggles of life.

Mr. Fama, you may or may not recollect, but when I was
incarcerated there at Pelican Bay State Prison (PBSP) (the
prison in which I was imprisoned just prior to my transfer
here to CTF), I was in a somewhat "consistent cycle" of co-
mmunication with you concerning an incident(s) that occurred
there while I was at PBSP involving my having been the subject
of an unprovoked violent assault perpetrated upon me by a (now
"fired") correctional officer (C/O Jacobs) and the ensuing
medical neglect of which I was equally subjected to as a re-
sult thereof.  In fact, enclosed you shall find a series of
documents--including documentation of correspondence with
you--that provides a fairly comprehensive outline of that
which I have "been going through" virtually since 2003--some
of which may refresh your memory as a whole as to our previous
communition.

Ultimately, since you and I ceased "regular communication"
with each other, I filed suit against PBSP concerning the
assault and medical neglect under 42 U.S.C. § 1983--currently
pending therein the United States District Court, for the

Mr. Fama
Page Two
August 27, 2007

Northern District of California. Yet, even since then, matters
have gotten substantially worse.

First, since you and I stopped communicating with each
other, I, while still at PBSP, was administered a shot of what
was purported to be "cortisone" (despite my vehement opposing
such shot) in response to the injury(s) and pain of which I
suffered as a result of the assault. Near immediately there-
after, I began experiencing an array of very serious ailments
--of which is duly outlined therein the enclosed documents,
where because so, I am now forced to rely on the use of a cane
and brace just to walk. Whats more, as a result of the shot,
I am barely able to move my right hand and right shoulder.

Next, PBSP has engaged in great efforts to "cover up"
their acts and omissions, i.e., the "cortisone issue" and the
medical neglect as a whole. Furthermore, between my November
28, 2001 (initial) arrival at PBSP and the April, 2003 assault,
the records of my personal medical file corresponding to the
abovesaid time frame mysteriously came up missing wherewhich
to date, PBSP, or anyone for that matter, have been unable to
locate such records--all of which has been used as adverse
stepping stones against me in many ways.

More notably and at this current juncture, the admini-
stration here at CTF (namely the medical staff) have been en-
gaged in an egregious ongoing cycle of neglect and purposeful
adverse acts that both, have put my overall health in grave
jeopardy, and likewise bordering upon constitutional impli-
cations. Specifically, amid my going through great pains to
seek medical care here at CTF, I have been diagnosed to have
a high RA and PSA blood count, low white blood cells, and
Rheumatoid Arthritis--none of which I had prior to the corti-
sone shot. Yet, upon various "followup appointments," CTF
have appeared to purposely misdiagnos my health--even in light
of the latter above--and have went so far as to claim that
absolutely nothing is wrong with me--all despite the fact
that I am in great and consistent pain daily and nightly.  In
fact, not only have CTF recently terminated my much needed
pain medications for a mere technicality, but, within a (re-
cent) weeks time, I went from having "nothing wrong" with me,
to now possibly having "prostrate cancer"--all of which is
consistent with the pain of which I have been experiencing
as outlined therein the enclosed documents. Mr. Fama, as
noted therein the enclosed documents, I was a very very
healthy person prior to the assault, and most notably, the
shot--all of which various doctors will vouch the same.

Finally, to insult the injury of all of the above, many
of my personal mails (both "regular" and "legal" mails) of

Mr. Fama
Page Three
August 27, 2007

which I have mailed out here from CTF in the recent months
have not been arriving to their intended destinations.  Upon
my written complaint about such issue--including at least
one administrative appeal--I have not received a response
of any sort from CTF appeal staff.  I have mailed my wife
various pertinent documents and records in an effort to have
them preserved in the event that CTF heightens their retalia-
tory conduct, i.e., cell searches and the like, thereby pur-
posely disposing of such records.  Specifically, I mailed to
my wife the records of my blood test results for purposes of
having her consult my outside physician to analyze them, yet
to date, she has never received them.  I also have not re-
ceived a response from Mr. Sillen, despite my earnest implore-
ments for him to respond asap due to the mail crisis here--all
of which indicates likely that, as with the mails sent to my
wife, CTF purposely did not send them (letters/documents) out.

    Accordingly, I am now imploring upon you to consider
allowing me to mail to you various important documents for
you to forward to my wife--none of which is based on misce-
llaneous correspondence, nor negativity.  Lastly, I likewise,
implore you to obtain any information of which you can con-
cerning the "background" of Doctor Gregory Duncan--the physi-
cian at PBSP who administered the shot.

    In closing, I shall now thank you in advance for your
prompt attention, conideration, understanding, concern, and
response in this matter and confide just the same that you
will accommodate me as so desired.

Very sincere,

Todd D. Pickens
CDCR #P-16993  RA-322L
C.T.F. North Facility
P.O. Box 705
Soledad Calif. 93960-0705

TDP/cav

CALIFORNIA
PRISON HEALTH CARE
RECEIVERSHIP CORP.

Robert Sillen
Receiver

October 15, 2007

Mr. Todd Pickens, P-16993
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dear Mr. Pickens:

The California Prison Health Care Receivership has received your letter. We appreciate your correspondence. Our office carefully reviews each communication we receive regarding inmate patient health care. All information provided to us is considered in implementing systemic reform.

Due to the high volume of letters we receive, we are unable to immediately respond to all individual cases. You may wish to contact counsel for the inmate class in *Plata v. Schwarzenegger*, the Prison Law Office. For your records, the address to the Prison Law Office is:

Prison Law Office
General Delivery
San Quentin, CA 94549

The Receiver is committed to creating a system where custody and health care staff together guarantee that access to care and quality of medical services in California prisons meet constitutional standards. An integral part of meeting that goal is hearing from the patients about the treatment they are receiving.

We will achieve improvements in the quality of medical care. However, it is a large and complex problem for which there are no quick fixes, but I assure you that the work has already begun. Thank you for your interest in the remedial process.

Sincerely,

Kristina Hector
Inmate Patient Relations Manager

*Matthew L. Cate, Inspector General*                                    *Office of the Inspector General*

October 3, 2007

Todd D. Pickens, P-16993
Correctional Training Facility – North
P.O. Box 705
Soledad, CA 93960-0705

Dear Mr. Pickens:

Thank you for contacting the Office of the Inspector General. We take all complaints very seriously, and we will evaluate your concerns to decide if our involvement is warranted and necessary. Because of the high volume and complexity of the complaints we receive, however, it is not possible for our office to fully research, intervene, and respond to each complaint. Therefore, we will only contact you should we need more information.

The Office of the Inspector General oversees California's youth and adult correctional agencies at the state level only. We have no oversight responsibility for city, county, or federal facilities or agencies, so if your complaint is against one of those agencies, please contact that agency directly.

You may send future complaints to our office. However, you should first seek resolution by completing the formal administrative process, such as the CDC-602 Inmate/Parolee Appeal process, as we generally do not intervene in matters where administrative remedies are available. With any future correspondence to our office, please include copies of the agency's formal response to your concerns and your reasons for disputing that response. Be as clear and concise as possible in outlining your concerns and what action you want this office to take. Because we cannot return originals, only send copies of your documents.

After completing the formal administrative process, you may get further assistance by contacting the Office of Internal Affairs or the Ombudsman's office at the following addresses:

Office of Internal Affairs
California Department of Corrections and Rehabilitation
P.O. Box 3009
Sacramento, CA 95812

Ken Hurdle, Lead Ombudsman
California Department of Corrections and Rehabilitation
P.O. Box 942883
Sacramento, CA 94283-0001

The Office of the Inspector General cannot act in the role of attorney, nor can we provide legal advice or assistance. If you need legal research, advice, or representation, we suggest you consult a private attorney to directly represent your interests. As an alternative, you can contact an advocacy or public-interest law group such as the Prison Law Office.

We hope this information has been helpful to you. We will consider the information you have provided when we conduct future audits, special reviews, and qualifications appraisals for California Department of Corrections and Rehabilitation top management. Thank you for bringing your concerns to our attention.

INTAKE AND REVIEW UNIT
Office of the Inspector General

*Arnold Schwarzenegger, Governor*

E X H I B I T     "B"

TODD D. PICKENS
CDCR #P-16993  RA-322L
C.T.F. NORTH FACILITY
P.O. BOX 705
SOLEDAD, CALIF. 93960-0705

### IN THE SUPERIOR COURT OF CALIFORNIA

### IN AND FOR THE COUNTY OF MONTEREY

| | | |
|---|---|---|
| TODD D. PICKENS, | ) | Habeas Corpus No._____ |
| | ) | |
| Petitioner, | ) | **VERIFIED DECLARATION OF** |
| | ) | **TODD D. PICKENS, PETITIONER** |
| -vs- | ) | |
| | ) | |
| BEN CURRY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

I, **Todd D. Pickens**, hereby declare and affirm under penalty of perjury and the laws of the state of California and the United States of America as follows:

1. I am a citizen of the United States of America and a resident of the state of California. I am currently incarcerated in a California state penal facility, to wit the Correctional Training Facility, located in the city of Soledad, California, in the County of Monterey. I am over the age of 18 years and competent to testify as follows:

2. Since my November, 2005 arrival at the Correctional Training Facility (CTF), I have had extreme difficulty in obtaining adequate medical treatment.

3. Particularly, since my Mid-2007 diagnosis of having prostrate cancer, I have receive nominal care, and at times, no care at all towards tending to the cancer. I have re-peatedly implored upon the overall CTF staff to provide me

with adequate medical treatment, only to be met with neglect, negative and apathetic attitudes, haphazardly scheduled medical appointments based on staff-miscommunication where I end up receiving no treatment at all.

4. I have been suffering substantially as a result of having cancer; I have been experiencing much weakness, pain, loss of appetite, loss of sleep, daily nausea, and much internal pain--all of which is getting worse daily.

5. I have submitted several written inquiries to staff as a whole in an effort to obtain adequate medical care to no avail.

6. I have also submitted at least two 602 appeals concerning this matter only to never receive a response of any sort.

7. I, **Todd D. Pickens**, hereby declare and affirm under penalty of perjury that all of the foregoing is true and correct.

4/1/08

*Todd D. Pickens*
Todd D. Pickens
D E C L A R A N T/**Petitioner**

E X H I B I T    "C"

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | | Log No. | | Category |
|---|---|---|---|---|---|
| 1 _____ | | 1 _____ | | _____ |
| 2 _____ | | 2 _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME Pickens | NUMBER P-16993 | ASSIGNMENT U/A | UNIT/ROOM NUMBER RA-322L |
|---|---|---|---|

A. Describe Problem: I was diagnosed with prostreate cancer approximately two months ago. However, despite being assured that I would begin treatment, I have had great difficulty in receiving any viable treatment. I have been experiencing great pain, nausea, vomiting, weakness, lack of sleep and more. My health is declining quickly and I must receive treatment right away. I also have other ailments that need to be tended to that are also greatly debilitating to my health —all of which is documented in my medical file.

If you need more space, attach one additional sheet.

B. Action Requested: I am requesting to receive immediate treatment for my cancer and all other ailments I suffer from.

Inmate/Parolee Signature: Todd O. Pickens          Date Submitted: 10/27/07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

*To North medical*

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category |
|---|---|---|---|---|
| 1. | | 1. | | |
| 2. | | 2. | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Pickens | P-16993 | N/A | RA-322L |

A. Describe Problem: On October 27, 2007, I submitted a 602 appeal to you concerning my being treated for my prostrate cancer. However, I have not received a response from you/anyone. Will you please address my 602 or try to locate it for processing.

If you need more space, attach one additional sheet.

B. Action Requested: To Address my appeal dated 10/27/07, and provide me with immediate medical care.

Inmate/Parolee Signature: _Todd O. Pickens_     Date Submitted: 12/17/08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

## MULTI-PURPOSE FORM

TO: _North Facility Medical_     DATE: _2/4/08_
   (Name)         (Title)

☒ MEDICAL CONCERN        ❏ TRUST ACCOUNT BALANCE $ _____
❏ DENTAL CONCERN         ❏ TRUST ACCOUNT WITHDRAWAL
❏ VISITING CONCERN        ❏ REQUEST FOR ROOM CHANGE
☒ REQUEST FOR INTERVIEW     ❏ REQUEST FOR UNIT CHANGE
❏ PACKAGE ROOM          ❏ FAMILY HOUSING UNIT VISIT INTERVIEW
❏ REQUEST FOR I.D. CARD      ❏ REQUEST FOR CHAPLAIN INTERVIEW
❏ REQUEST TO REVIEW CENTRAL FILE   ❏ MEDICALLY CLEARED FOR CULINARY REQUEST
❏ TRUST OFFICE:  Request for metered envelopes *(No Funds)*
❏ E.P.R.D.:  You should be within six *(6)* months of release date to inquire

REASON FOR REQUEST (Be specific: *Explain your problem*): I've submitted two 602 appeals to you on October 27, 2007, and December 17, 2007, concerning my receiving medical care for my prostrate cancer. However, I never received a response to eoter of my appeals. Will you please respond to my appeals, Thank you.

DATE: _____ STAFF RESPONSE: _____

INMATE NAME: _Pickens_    INMATE NUMBER: _P-16993_    CELL: _RA-322L_
ASSIGNMENT: _C/A_      HOURS: _____    RDO'S: _____

CTF-304 (Rev. 10-05)

1          DECLARATION OF SERVICE BY MAIL

2

3                Pickens v. Curry (Habeas Corpus)
   CASE NAME: _____

4  CASE NO.: _____ U/A _____

5

6  I, Todd D. Pickens _____, declare that I am over the age of eight-

7  teen (18) years; I am/am not a party to the attached action; I

8  served the attached document entitled:

9   PETITION FOR WRIT OF HABEAS CORPUS/ATTACHED EXHIBITS

10

11 on the persons/parties specified below by placing a true copy of

12 said document into a sealed envelope with the appropriate postage

13 affixed thereto and surrendering said envelope(s) to the staff of

14 the Correctional Training Facility entrusted with the logging and

15 mailing of inmate legal mail addressed as follows:
   MONTEREY COUNTY SUPERIOR COURT      OFFICE OF THE ATTORNEY GENERAL
16 240 CHURCH STREET                   OF THE STATE OF CALIFORNIA
   MONTEREY, CALIF. 93901              455 GOLDEN GATE AVE, #11000
17                                     SAN FRANCISCO, CALI. 94240

18

19

20

21 There is First Class mail delivery service by the United States

22 Post Office between the place of mailing and the addresses indi-

23 cated above.  I declare under the penalty of perjury under the laws

24 of the United States and the State of California that the foregoing

25 is true and correct and that I executed this service this ____/____

26 day of _April, 2008___, in Soledad, CA.

27

28                              _Todd D. Pickens_____
                                Declarant

Mr. Todd Dwayne Pickens P-16773 M-222
P.O. Box 705 N'RA-322L
Soledad, CA 93960-0705



LEGAL MAIL

Office of the Clerk, U.S. District Court
Northern District of California
280 South First Street, Room # 2112
San Jose, California 95113-3095