United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD D. PICKENS,                                              No. C 08-2192 JF (PR)

              Petitioner,                              ORDER OF DISMISSAL WITHOUT
PREJUDICE

   v.

BEN CURRY, Warden,

              Respondent.
                                      /

      Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  In the petition, Petitioner challenges his medical care and treatment at the

Correctional Training Facility in Soledad, California.

      The Supreme Court has declined to address whether a challenge to a condition of

confinement may be brought under habeas.  See Bell v. Wolfish, 441 U.S. 520, 526 n.6

(1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S.

918 (1996).  However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a

§ 1983 action proper, where a successful challenge to a prison condition will not necessarily

shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)

(implying that claim, which if successful would "necessarily" or "likely" accelerate the

Order of Dismissal Without Prejudice
P:\PRO-SE\SJ.Jf\HC.08\Pickens192disrem.wpd

**United States District Court**
For the Northern District of California

1  prisoner's release on parole, must be brought in a habeas petition).  The preferred practice in

2  the Ninth Circuit has been that challenges to conditions of confinement should be brought in

3  a civil rights complaint.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights

4  action is proper method of challenging conditions of confinement); Crawford v. Bell, 599

5  F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that

6  challenges to terms and conditions of confinement must be brought in civil rights complaint).

7       Accordingly, the Court will dismiss this habeas action because Petitioner's claims do

8  not challenge the legality of his conviction or sentence.  Instead, Petitioner's claims concern

9  his medical care and treatment at the Correctional Training Facility.  Petitioner's claims are

10 more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983.

11 Petitioner may choose to file a civil rights complaint in a new case on the enclosed civil

12 rights complaint form.

13                              **CONCLUSION**

14      The instant petition for writ of habeas corpus is DISMISSED without prejudice.  The

15 Clerk shall close the file.

16      IT IS SO ORDERED.

17 DATED: ____5/8/08_____

                                    _____
18                                  JEREMY FOGEL
                                    United States District Judge

19

20

21

22

23

24

25

26

27

28

Order of Dismissal Without Prejudice
P:\PRO-SE\SJ.Jf\HC.08\Pickens192disrem.wpd          2